William T. OWENS, Appellant,

v.

B. F. OAKES, Appellee.

No. 76–1646.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1977.

Decided Jan. 10, 1978.

**356**

John E. Gehring, Walnut Cove, N. C., for appellant.

Jacob L. Safron, Sp. Deputy Atty. Gen. (Rufus L. Edmisten, Atty. Gen. of N. C., Raleigh, N. C., on brief), for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

A state prisoner appeals from the dismissal of his § 1983 action to recover damages on account of an assault and threats made against him by two guards at the prison where he was incarcerated, and by reason of the loss of certain prison privileges and good conduct time imposed as a result of prison disciplinary proceedings connected with the assault. In his prayer, he sought actual and pecuniary damages in the sum of $5,600,000, and injunctive relief vacating his "sentence" and requiring the issuance of warrants charging conspiracy against the defendant Oakes and Sergeant Carter and Guard Totten. The District Court dismissed the action without requiring a response from the defendant.

We affirm.

It is obvious on the face of the complaint that no action for assault or threats exists against the defendant Oakes, who neither participated nor acquiesced in such assault or threats under the plaintiff's allegations. *Rizzo v. Goode* (1976) 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561. The two officers who the plaintiff alleges assaulted and threatened him were Sergeant Carter and Guard Totten. Neither is a defendant. So far as the loss of prison privileges and good conduct time are concerned, they were well within accepted limits of punishment which might be imposed after a prison disciplinary hearing under North Carolina procedure and the plaintiff makes no claim of any defect in the disciplinary proceedings themselves. Under those circumstances, the sentences imposed did not constitute a violation of constitutional rights. The demand for vacation of sentence is improper in a 1983 action. Moreover, even if we were to treat this as a *habeas* action, there is no allegation of any fact which would warrant the vacation of plaintiff's sentence or of any punishment imposed as a consequence of the prison disciplinary hearing. Finally, the court was without authority to direct the issuance of arrest warrants as demanded. Hence, the District Court properly dismissed the action as without merit on its face.

AFFIRMED.